IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

RICHARD CLARK                                              PLAINTIFF

v.                      No. 3:23-cv-117-DPM

NESTLÉ USA, INC.                                           DEFENDANT

ORDER

Richard Clark worked for Nestlé USA, Inc. for about a year. In November 2022, he slipped and fell on the job and hurt his back. He took several weeks off work to recover. At first, he called out daily; but eventually, he stopped calling. Nestlé fired him after he accrued too many no-call/no-shows under its attendance policy.

Clark presses many employment-related claims against Nestlé. The company moves for summary judgment. In response, Clark moves the Court to take judicial notice of certain facts. The Court construes that motion as his response. The Court has taken the record in the light most favorable to Clark where some genuine dispute of material fact exists. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

\*

Some preliminaries.

*First*, Clark has not responded to Nestlé's statement of undisputed material facts, *Doc. 47-2*. Those facts are therefore deemed admitted. LOCAL RULE 56.1(b) & (c).

*Second*, Clark's motion for judicial notice, *Doc. 48*, is denied. The parties dispute whether certain personnel documents ever existed and, if so, whether Nestlé still has them. The Court cannot take judicial notice of disputed facts. Fed. R. Evid. 201(b); *American Prairie Construction Co. v. Hoich*, 560 F.3d 780, 796-97 (8th Cir. 2009). And insofar as he seeks a spoliation sanction, the record doesn't show that Nestlé intentionally destroyed documents with a desire to suppress the truth. *Johnson v. Securitas Security Services USA, Inc.*, 769 F.3d 605, 614 (8th Cir. 2014).

*Third*, Clark's § 1983 claims fail as a matter law. Nestlé is not a state actor; and Clark hasn't shown why it should qualify as one. *Doe v. North Homes, Inc.*, 11 F.4th 633, 637 (8th Cir. 2021).

*Fourth*, the Court does not see a disability discrimination claim in Clark's complaint. He seeks reinstatement with accommodations for his back injuries. *Doc. 2 at 5*. But he doesn't allege that Nestlé fired him because of a disability, or that it failed to accommodate a disability. *Withers v. Johnson*, 763 F.3d 998, 1003 (8th Cir. 2014). He also doesn't allude to any disability discrimination in his EEOC charge, which he attached to his complaint. *Doc. 2 at 8-9*. To the extent Clark hints at some violation of the Americans with Disabilities Act, the Court dismisses that claim *sua sponte* and without prejudice. *Smith v. Boyd*, 945 F.2d 1041, 1042-43 (8th Cir. 1991). Nestlé's cautionary request for

summary judgment on this claim is therefore denied without prejudice as moot.

*Last*, Clark's motion for appointed counsel is denied. This case is neither factually nor legally complex; and Clark has represented himself zealously. *Plummer v. Grimes*, 87 F.3d 1032, 1033 (8th Cir. 1996).

*

**Age & Race Discrimination.** Because Clark hasn't offered direct evidence of age or race discrimination, the Court applies the *McDonnell Douglas* burden-shifting framework. *Gibson v. American Greetings Corp.*, 670 F.3d 844, 853-56 (8th Cir. 2012). Clark alleges three adverse employment actions: his unfavorable job assignments, Nestlé's refusal to train him, and his lost job. *Doc. 2 at 8*. He hasn't shown how the first two disadvantaged him in any way, and therefore hasn't proved they were adverse employment actions. *Muldrow v. City of St. Louis*, 601 U.S. 346, 354 (2024); *Collins v. Union Pacific Railroad Co.*, 108 F.4th 1049, 1053 (8th Cir. 2024). Clark's firing, of course, was an adverse action. *Sallis v. University of Minnesota*, 408 F.3d 470, 476 (8th Cir. 2005). So the Court assumes *prima facie* cases of age and race discrimination based on Nestlé ending his employment. *Gibson*, 670 F.3d at 854, 856.

Nestlé says it fired Clark for violating its attendance policy. *Doc. 47-2 at 8*. That's a legitimate, non-discriminatory reason. *Boston v. TrialCard, Inc.*, 75 F.4th 861, 867 (8th Cir. 2023). These claims therefore come down to pretext. Has Clark offered sufficient evidence such that

a reasonable juror could find that Nestlé's stated reason for firing him was merely pretext for discrimination?  No.

First, Clark hasn't discredited Nestlé's basis for firing him. *Wallace v. DTG Operations, Inc.*, 442 F.3d 1112, 1120-21 (8th Cir. 2006). In fact, he admitted to the attendance-policy violations on deposition. *Doc. 47-10 at 18*.  Second, the evidence of record does not support a "reasonable inference of discriminatory animus."  *Gibson*, 670 F.3d at 856.  Clark mentioned a few instances of age and race-related animus in response to Nestlé's motion to dismiss.  *Doc. 12 at 4-6*.  But he hasn't met proof with proof for purposes of summary judgment.  *Conseco Life Insurance Co. v. Williams*, 620 F.3d 902, 910 (8th Cir. 2010).  As to his age discrimination claim, he points to repeated remarks from his supervisor, echoed by her boyfriend (a coworker), telling him to get his "old ass" off her crew or to take his "old ass" home.  *Doc. 48 at 14*; *Doc. 47-10 at 4*.  These comments were offensive; but they don't create a genuine question of material fact about whether his age was the "but-for" reason for his termination.  *Johnson*, 769 F.3d at 612. Clark offers no evidence of racial animus.  And he hasn't identified a similarly situated coworker—one who was either younger or of a different race—who kept their job after accruing too many unexcused absences.  *Gibson*, 670 F.3d at 855-56.  Clark's discrimination-based claims therefore fail as a matter of law.

**Retaliation.** Clark reported his supervisor's age-related comments in May 2022. This report, Clark says, resulted in Clark's suspension without pay. *Doc. 48 at 1; Doc. 47-10 at 4.* He did not exhaust a claim about this report or the suspension, though. *Doc. 2 at 8-9; Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 851 (8th Cir. 2012). Clark also complained about his supervisor's age-related comments in October 2022. *Doc. 48 at 29-30.* The Court again applies *McDonnell Douglas*'s burden-shifting framework and assumes a *prima facie* case based on his lost job. *Gibson v. Geithner*, 776 F.3d 536, 540 (8th Cir. 2015). Like before, this claim boils down to pretext because Nestlé says it fired Clark for violating its attendance policy.

Taking the record in the light most favorable to Clark, no reasonable juror could find that Nestlé's stated reason was pretextual. It's undisputed that Clark violated the company's attendance policy. And although he filed his October 2022 complaint roughly a month before Nestlé fired him, temporal "proximity alone is insufficient to establish pretext." *Gibson*, 776 F.3d at 541. Plus, it's undisputed that Clark's attendance issues weren't new. *Doc. 47-2 at 4.* Nestlé warned him in late May 2022 that further absences would result in discipline "up to and including termination." *Doc. 47-12 at 2; see also Gibson*, 776 F.3d at 542. His retaliation claim therefore fails.

**Hostile Work Environment.** Clark argues that his supervisor's "extreme threats of violence" and age-related remarks created a hostile

-5-

work environment. *Doc. 48 at 6*. He doesn't give any specifics about the nature of her threats. And, again, he points to the disparaging jabs about him getting his "old ass" off her crew and taking his "old ass" home. *Doc. 48 at 14; Doc. 47-10 at 4*. These words were wrong and hurtful. But they were not severe or pervasive enough to create a jury question on hostile environment. Under precedent, Clark's evidence falls short as a matter of law. *Rickard v. Swedish Match North America, Inc.*, 773 F.3d 181, 185 (8th Cir. 2014); *Peterson v. Scott County*, 406 F.3d 515, 523-24 (8th Cir. 2005).

\* \* \*

Nestlé's motion for summary judgment, *Doc. 47*, is denied without prejudice as to any disability discrimination claim but granted as to all other claims. Clark's motion for judicial notice, *Doc. 48*, and his motion for appointed counsel, *Doc. 50*, are denied. Judgment will issue.

So Ordered.

*/s/ DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

18 February 2025